UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ROGALSKI,

        Petitioner,

                              CASE NO. 2:08-CV-13756
v.                         JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE PAUL KOMIVES

RAYMOND BOOKER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7) AND PETITIONER'S MOTION FOR DISMISSAL OF RESPONDENT'S MOTION (docket #17)**

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #7) and deny petitioner's motion to dismiss respondent's motion (docket #17). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Ronald Rogalski is a former state prisoner who, at the time he filed this petition, was incarcerated at the Ryan Correctional Facility in Detroit, Michigan.[1] Petitioner was imprisoned as a result of his 1997 state court convictions for third degree criminal sexual conduct. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

---

[1] Petitioner was released on parole on September 16, 2008, and was discharged from his sentence on October 22, 2009.

- Petitioner was convicted on April 15, 1997, and was sentenced on May 7, 1997, in the Washtenaw County Circuit Court.

- Petitioner filed an appeal of right in the Michigan Court of Appeals. The court of appeals denied his claims and affirmed his conviction on January 14, 2000. *See People v. Rogalski*, No. 206111, 2000 WL 33538586 (Mich. Ct. App. Jan. 14, 2000).

- Petitioner did not file a timely application for leave to appeal in the Michigan Supreme Court.

- Petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508 on October 20, 2001.[2] The trial court denied the motion on January 28, 2002. *See People v. Rogalski*, No. 96-7088-FH (Washtenaw County, Mich., Cir. Ct. Jan. 28, 2002).

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on May 22, 2002. *See People v. Rogalski*, No. 239957 (Mich. Ct. App. May 22, 2002).

- Petitioner failed to file a timely application for leave to appeal in the Michigan Supreme Court.

- Between June 2002 and June 2003, petitioner filed a number of motions in the trial court. The trial court denied these motions in various orders, the last order being entered on July 26, 2004.

- Petitioner thereafter filed an application for leave to appeal in the Michigan Court of Appeals with respect to the trial court's July 26, 2004, order. The court of appeals dismissed the appeal for lack of jurisdiction, concluding that the motion being challenged was a successive motion for relief from judgment prohibited by MICH. CT. R. 6.502(G). *See People v. Rogalski*, No. 264011 (Mich. Ct. App. July 26, 2004).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on April 28, 2006. *See People v. Rogalski*, 474 Mich. 1125, 712 N.W.2d 462 (2006). The court denied petitioner's motion for reconsideration on June 26, 2006. *See People v. Rogalski*, 475 Mich. 890, 715 N.W.2d 905 (2006).

---

[2]The Washtenaw County Circuit Court docket sheet appears to indicate that the motion was filed on November 2, 2001, however the docket entry is not entirely clear. Petitioner contends that the motion was filed on October 20, 2001. Because it does not affect the analysis, I give petitioner the benefit of the doubt and assume that the motion was filed on October 21, 2001.

On August 27, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] As grounds for the writ, petitioner raises claims of ineffective assistance of trial and appellate counsel. Respondent filed a motion for summary judgment on March 10, 2009, arguing that petitioner's habeas application is untimely. In response, petitioner filed a motion to dismiss respondent's motion on November 13, 2009. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.  *Timeliness of Petitioner's Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]Although petitioner's application is file-stamped September 3, 2008, it was dated by petitioner on August 27, 2008. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on August 27, 2008.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[4]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not assert that any provision of § 2244(d)(1) other than default starting provision of subparagraph (A) applies. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed

---

[4]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

or a petition for certiorari finally denied.").

Here, the Michigan Court of Appeals affirmed petitioner's conviction on January 14, 2000. He then had 56 days in which to seek leave to appeal in the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C). Because he did not file an application for leave to appeal, his conviction became final on March 12, 2000, when his time for seeking leave expired, *see Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (Rosen, J.),[5] and the limitations period expired one year later on March 12, 2001. Because petitioner did not file his petition until August 27, 2008, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 20, 2001. By this time, however, the limitations period had been expired for over seven months. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period.

---

[5] "Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file an application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari." *Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, at *3 n.2 (E.D. Mich. Dec. 7, 2007) (Edmunds, J.).

*See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.). Indeed, even if the Court did not start the one year limitations period until the conclusion of all of petitioner's state court proceedings, which ended with the Michigan Supreme Court's June 26, 2006, denial of petitioner's motion for reconsideration, petitioner's application is still untimely because over two years and two months elapsed between the conclusion of state post-conviction review and the filing of petitioner's habeas application. Thus, under the statute petitioner's habeas application is untimely.

C.   *Petitioner's Arguments*

Although not entirely clear, petitioner's response appears to suggest that he is entitled to equitable tolling or a delayed starting of the limitations period because the prosecution has suppressed, and continues to suppress, evidence in support of his claims. He also appears to suggest that he is entitled to equitable tolling based on his mental condition. The Court should reject these arguments.[6]

   1.   *Delayed Starting Based on Suppressed Evidence*

As explained above, under § 2244(d)(1), the limitations period may commence on any of four different dates. In the normal case, the limitations period will begin on the date the conviction

---

[6]Apart from these specific arguments, petitioner's response suggests that he has meritorious claims, and thus he is entitled to relief. However, the very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

becomes final. Under this starting period, as explained above, petitioner's application is untimely. However, the commencement of the limitations period may be delayed until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner suggests that he is entitled to the benefit of this provision because the state suppressed a missing transcript of the trial proceedings. The Court should conclude that this allegation does not entitle petitioner to invoke § 2244(d)(1)(B).

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001). Thus, to invoke this provision a petitioner must "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winfield*, 66 Fed. Appx. at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (internal quotation omitted)). As another court has explained: "Section 2244(d)(1)(B) pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. [Petitioner] cites no authority–nor has the court's own research revealed any–to support the conclusion that an impediment to filing a petition for review in state court constitutes an impediment to filing a federal habeas petition, within the meaning of section 2244(d)(1)(B)." *United States ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 886-87 (N.D. Ill. 2003). Further, as noted above, in order to be entitled

to the benefit of § 2244(d)(1)(B), petitioner must show not only that the state created an impediment to the filing of his petition, but also that the impediment was itself unconstitutional. *See Dunker*, 154 F. Supp. 2d at 104-05.

Here, petitioner cannot show that he is entitled to invoke the delayed starting provision of § 2244(d)(1)(B) for two reasons. First, petitioner claims that the state is still withholding the suppressed transcript at this time. It is therefore apparent that he was able to file his habeas application notwithstanding the state's failure to provide these materials. Thus, the allegedly unconstitutional state action did not constitute an "impediment" to the filing of his habeas application. "The filing of the instant [petition] before the removal of the alleged impediment suggests that the government action did not prevent [petitioner] from filing the action." *United States v. Tamfu*, No. 3:99-CR-0279-P(01), 2002 WL 31452410, at *3 (N.D. Tex. Oct. 5, 2002); *see also*, *United States v. Moore*, 38 Fed. Appx. 185, 186 (4th Cir. 2002) (per curiam) ("Moore noted that he has not received the materials he requested, yet he filed his motion and did not state that his motion was incomplete or provide any reason why he ended his wait."); *Taranto v. Robinson*, No. 00-CV-72742, 2001 WL 739546, at *3 (E.D. Mich. May 31, 2001) (Cleland, J.); *Neuendorf*, 110 F. Supp. 2d at 1153.

Second, petitioner cannot show that the prosecution suppressed any information in violation of *Brady*. Petitioner contends that the court reporter failed to transcribe a brief portion of the proceedings regarding the possible perjury of a prosecution witness. However, a transcript of the trial proceedings does not constitute "evidence" within the meaning of *Brady*. It is axiomatic that "the government cannot suppress evidence that does not exist at the time of trial." *United States v. Sanchez*, 251 F.3d 598, 603 (7th Cir. 2001). Because a transcript of the proceedings does not

constitute exculpatory evidence in existence at the time of trial, petitioner cannot show that he was prevented from filing his habeas application by a state created impediment. *See United States v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002); *Whalen v. Randle*, 37 Fed. Appx. 113, 119 (6th Cir. 2002).

Nor is petitioner entitled to a delayed starting of the limitations period under § 2244(d)(1)(D) based on newly discovered evidence. This provision requires a court "to review the 'factual predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant] is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained,

"[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001).

Petitioner provides no basis for concluding that the factual predicate of his claim was unknown to him earlier. On the contrary, petitioner's response to the motion for summary judgment purports to provide a complete, verbatim recitation of the statements made by the prosecutor and defense counsel during the brief portion of the proceedings which petitioner contends was not transcribed. *See* Pet'r's Resp., Ex. C. These facts were well known to petitioner at the time of trial. As noted above, it is immaterial that petitioner may not have understood the legal import of those facts or had evidence to support his claim. Because petitioner had available to him all of the facts necessary to support his claims, there is no basis for invoking § 2244(d)(1)(D) to delay the commencement of the limitations period. *See Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2001). Accordingly, the Court should conclude that petitioner is not entitled to a delayed commencement of the limitations period.

   2. *Equitable Tolling Based on Mental Condition*

Petitioner suggests that he is entitled to equitable tolling because his mental impairment prevented him from timely filing his habeas application. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Petitioner's mental impairments, if sufficiently severe to have prevented him from filing his habeas

petition, may provide a legally sufficient basis for equitable tolling of the limitations period. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002); *cf. Gray v. Potter*, 115 Fed. Appx. 891, 894 (7th Cir. 2004) ("A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling."). However, the mere existence of a mental impairment does not provide a basis for equitable tolling. "[M]ental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008). Rather, "petitioner has the burden to show that these health problems rendered him unable to pursue his rights during the one-year time period." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y.2000); *see also*, *McSwain*, 287 Fed. Appx. at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition."); *Brown*, 232 F. Supp. 2d at 768; *cf. Zillyette v. Capital One Financial Corp.*, 1 F. Supp. 2d 1435, 1441 (M.D. Fla. 1998) ("[M]ental incompetency will toll the filing period only upon the demonstration of exceptional circumstances which would lead the court to conclude that Plaintiff could not have pursued her claim in a timely manner."), *aff'd*, 179 F.3d 1337 (11th Cir. 1999); *Moody v. Bayliner Marine Corp.*, 664 F. Supp. 232, 237 (E.D.N.C. 1987) (equitable tolling available only when plaintiff is so incapacitated that he was "incapable of filing any claim within the requisite time periods.").

Here, petitioner has failed to show that his mental condition affected his ability to timely file his habeas petition. First, the evidence of mental impairment provided by petitioner does not of its own force suggest a mental impairment sufficiently severe to prevent petitioner from timely filing his habeas application. A letter from Community Care Services dated August 18, 2009, states only

11

that petitioner is being treated for bipolar disorder and antisocial personality disorder; it does not suggest that petitioner suffers from any cognitive impairments. *See* Pet'r's Resp., Ex. A. The medical reports attached to petitioner's habeas application likewise fail to show that petitioner suffers from a cognitive disability that prevented him from timely filing his habeas application. For example, a report dated July 1, 1996, notes only that petitioner suffers from "very mild cognitive deficits." A report dated September 9, 1996, noted that petitioner had some deficiencies in problem solving and attention span, but stated that petitioner was alert and oriented, had good recall, and his abstraction and judgment were intact.[7] An antisocial personality, mild cognitive deficits, and deficiencies in problem solving and attention span are not, without more, the type of severe cognitive deficits which would prevent a prisoner from timely filing a habeas petition.

Second, despite petitioner's alleged mental incapacity, he pursued a number of state post-conviction remedies, filing a motion for relief from judgment and numerous other motions and pleadings in the state courts, as well as appeals from the trial court's orders on these motions. Thus, "the record evidence indicates [petitioner] was able to pursue both direct and collateral challenges to [his] conviction in the state courts notwithstanding [his] mental illness." *McSwain*, 287 Fed. Appx. at 457 (citing *Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir. 2005) (disallowing equitable tolling on the basis of mental incapacity where the habeas petitioner had pursued state court litigation even during the periods when her mental condition was the most impaired); *Price v. Lewis*, 119 Fed. Appx. 725, 726-27 (6th Cir.2005) (disallowing equitable tolling based on mental illness where the habeas petitioner had actively pursued his claims during the limitations period));

---

[7]The exhibits to petitioner's habeas application are not separately numbered. They are the fifteenth set of documents attached to petitioner's application.

*see also*, *Brown*, 232 F. Supp. 2d at 768. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

D.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of

13

probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

14

2.      *Analysis*

Here, if the Court accepts my recommendation regarding the statute of limitations issue, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As noted above, there is no question that petitioner's application is untimely under § 2244(d). Nor is it debatable that petitioner's claim that the state suppressed portions of a trial transcript does not entitle him to a delayed starting of the limitations period in light of petitioner's knowledge of the information contained in the allegedly missing transcript and his failure to establish any impediment to his filing the habeas petition caused by the missing transcript. Further, in light of the medical reports submitted by petitioner and his ability to pursue state court relief, it is not reasonably debatable that petitioner's alleged mental impairment was not so severe as to justify equitable tolling of the limitations period. Accordingly, if the Court accepts my recommendation regarding the limitations issue, the Court should also deny petitioner a certificate of appealability.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment, deny petitioner's motion to dismiss respondent's motion, and dismiss the petition. If the Court accepts this recommendation, the Court should also deny a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a


waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/30/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and Ronald Rogalski by electronic means or U.S. Mail on November 30, 2009.
>
> s/Eddrey Butts